IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL CASE NO. 2:14-CV-26-MR-DSC

| | |
|---|---|
| JERRY CURTIS GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM OF DECISION |
| ) | AND ORDER |
| CATERPILLAR INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 6] and the Defendant's Motion to Amend and/or Supplement Its Removal Notice. [Doc. 10].

**PROCEDURAL BACKGROUND**

Plaintiff Jerry Curtis Green, a resident of North Carolina, initiated this action in the Macon County, North Carolina, General Court of Justice, Superior Court Division, against Defendant Caterpillar Inc., on March 28, 2014. [Doc. 1-1]. In his Complaint, Plaintiff alleges he was wrongfully discharged from the Defendant's employ. [Id. at 7-10]. The Defendant removed the action to this Court on June 17, 2014. [Doc. 1]. Plaintiff filed a

Motion [Doc. 6] to remand this matter to state court on July 7, 2014, to which Defendant responded, in part, with a Motion to Amend and/or Supplement Its Notice of Removal. [Doc. 10]. The parties have responded to each other's respective motions and the two motions are now ripe for review.

## DISCUSSION

Plaintiff has moved the Court to remand this case to the Superior Court in Macon County, North Carolina, arguing the Defendant's Notice of Removal is legally deficient in two distinct ways related to the Court's subject matter jurisdiction. First, according to Plaintiff, the Defendant has failed to sufficiently allege its "citizenship," for purposes of diversity under 28 U.S.C. §§ 1332(a)-(c) and 1441(b), at the time of the Complaint's filing and at the time of removal. [Doc. 6-1 at 4]. Plaintiff points out that the Defendant's removal notice states only that it "is domiciled in the State of Illinois" [Doc. 1 at 1] and says nothing about where it is incorporated or whether its state of domicile was also the location of its principal place of business at the two operative times of suit initiation and removal. [Doc. 6-1 at 5].

2

Second, Plaintiff argues that the Defendant's allegations regarding the amount in controversy are insufficient under 28 U.S.C. §§ 1332(b) and 1441(a) because any amount in controversy above $75,000 is based upon "only speculative assertions concerning Plaintiff's claims." [Id. at 8-9]. The Defendant seeks to satisfy the amount in controversy requirement, according to Plaintiff, by improperly relying upon a settlement proposal letter [Doc. 6-3 at 7] written by Plaintiff's counsel. [Doc. 6-1 at 6]. Plaintiff contends the Defendant's reliance on such letter is unavailing and, in any event, the amount in controversy cannot exceed $75,000 because the Plaintiff has filed an affidavit in this matter so stipulating. [Doc. 6-3 at 8-9].

The Defendant, on the other hand, contends that it has satisfied all jurisdictional requirements for removing this case. Defendant argues that its allegations in its Notice of Removal, taken together with the documents it filed as a part of the removal package required by 28 U.S.C. § 1446(b), meet the pleadings requirements for both the "citizenship" and "amount in controversy" prongs of 28 U.S.C. §§ 1332(a)-(c). [Doc. 10-1 at 2].

Subject matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1332(a) only if there is complete diversity. Carden v. Arkoma Assoc., 494 U.S. 185, 190-92 (1990). If a case is removed to federal court, complete diversity must exist both at the time a plaintiff files a complaint in

state court as well as the time that the defendant files a removal notice in federal court. Pullman Co. v. Jenkins, 305 U.S. 534, 538 (1939); Rowland v. Patterson, 882 F.2d 97, 99 (4th Cir. 1989) (en banc). In this case, Plaintiff does *not* argue that complete diversity is absent. Rather, he asserts that Defendant's *allegations* of diversity are faulty. This argument is most curious because Plaintiff alleged in his Complaint that the Defendant is "domiciled in the State of Illinois," [Doc. 1-1 at 7] which is precisely the language the Defendant used in its Notice of Removal to which Plaintiff objects. [Doc. 1 at 1]. Notwithstanding the fact that Defendant has apparently made the serious error of agreeing with Plaintiff's counsel, Plaintiff argues that Defendant's removal notice is deficient because the removing party bears the burden of proving that diversity exists and Defendant's conclusory domicile allegation – lifted straight from Plaintiff's Complaint – is insufficient to do so.

While Plaintiff's argument about the sufficiency of the Defendant's removal notice is an academic issue that may be interesting to some, it is immaterial. Even assuming it was improper for the Defendant to make the mistake of agreeing with Plaintiff's counsel, Defendant now seeks to correct the error. Defendant has moved to supplement and/or amend its removal notice and filed a proposed Amended Notice of Removal. [Doc. 10-2].

4

Congress permits "[d]efective allegations of jurisdiction [to] be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "Courts have interpreted 28 U.S.C. § 1653 as permitting parties to amend defective jurisdictional allegations at any time, so long as the original removal was timely and the proposed amendment corrects a merely technical defect." Scholl v. Sagon RV Supercenter, LLC, 249 F.R.D. 230, 235 (W.D.N.C. 2008). See also, Nutter v. New Rents, Inc., No. 90-2493, slip op. at 2 (4th Cir. 1991) (unpublished) (applying the majority rule that an amendment which merely perfects a technically defective jurisdictional allegation in a timely filed removal petition may be allowed after the 30-day removal period under 28 U.S.C. § 1653). Given the technical nature of the Defendant's alleged pleading deficiencies and Congress' ameliorative statute, along with the reality that no dispute exists about the complete diversity of the parties, the Court concludes that Defendant should be permitted to amend its "citizenship" allegations.

Plaintiff next argues that Defendant has not met the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(b). Plaintiff presents two separate arguments on this issue. First, Plaintiff asserts that Defendant has failed to provide sufficient information to establish the jurisdictional

5

amount. Second, Plaintiff asserts that he has effectively disclaimed any amount over the jurisdictional threshold, thus destroying jurisdiction.

As a general rule, the amount in controversy is determined by "the status of the case as disclosed by the plaintiff's complaint." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 US. 283, 291 (1938). In this matter, Plaintiff's Complaint prays for no specific monetary amount. Under such circumstances, the Court may determine the amount in controversy by considering all evidence bearing on the issue, including:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. *The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal.*

Green v. Metal Sales Mfg. Corp., 394 F.Supp.2d 864, 866 (S.D. W.Va. 2005) (quoting Watterson v. GMRJ, Inc., 14 F.Supp.2d 844, 850 (S.D. W.Va. 1997)) (emphasis added). From the foregoing, it is clear the Court may consider, in fact must consider, evidence outside Plaintiff's pleading. In this regard, the Defendant has submitted a very valuable piece of information: Plaintiff's counsel's demand letter, asserting that the amount in controversy is up to "$919,480.00," [Doc. 1-2 at 2], far in excess of the jurisdictional threshold. Plaintiff argues that this letter is irrelevant, citing

6

Gwyn v. Wal-Mart Store, Inc., 955 F.Supp. 44 (M.D.N.C. 1996). Plaintiff advocates that such demand is no more than puffing and "[s]uch 'puffing' cannot be taken as evidence of the amount in controversy." Id. at 46. However, the amount stated in Plaintiff's counsel's letter, unlike the demand made in Gwyn, is far more than mere puffing. He clearly did not pull the figure of "$919,480.00" out of thin air. Unlike the bald and unsupported $50,000 assertion in Gwyn, Plaintiff's amount represented a calculation of the present value of the Plaintiff's lost future wages, which counsel asserted he had a rational legal basis for recovering. For this reason, Plaintiff's argument that the letter should be ignored is unavailing.

For a related reason, Plaintiff's second argument fails as well. As noted above, Plaintiff's Complaint disclosed no monetary damage amount. When damages are indeterminate, a party's stipulation can be enforceable if it is "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." McCoy v. Erie Ins. Co., 147 F.Supp.2d 481, 485 (S.D. W.Va. 2001). Plaintiff's "stipulation," however, satisfies none of the criteria identified in McCoy. Most important is the noticeable absence from Plaintiff's proposed stipulation that he waive any right to any recovery over the jurisdictional threshold. For all of the

foregoing reasons, the Court concludes that the Defendant has satisfied the amount in controversy requirement of 28 U.S.C. § 1332(b).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Amend and/or Supplement Its Removal Notice [Doc. 10] is **GRANTED**, and the Plaintiff's Motion to Remand [Doc. 6] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 26, 2014

Martin Reidinger
United States District Judge