IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL ACTION NO. 2:14CV00026-MR-DSC

| | |
|---|---|
| **JERRY CURTIS GREEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **CATERPILLAR, INC.,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" (document #3), as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u> as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that he was employed as an EHS Senior Associate at Defendant's Franklin, North Carolina facility for over twenty-one years. Plaintiff's responsibilities included performing Lock Out Tag Out procedures on the facility's machinery. In November 2013, a complaint was registered against Plaintiff for violating his Lock Out Tag Out authority. Plaintiff alleges that he was "assured that a specified procedure would be followed before any action was

1

taken against the [P]laintiff for having purportedly violated any plant rules and more specifically the [P]laintiff's authority with regard to the Lock Out Tag Out procedures." Defendant's human resources department conducted an investigation into the matter. Plaintiff alleges that the investigation was "seriously and substantially flawed in several material and meaningful ways." His employment was terminated on or about November 19, 2013. Plaintiff further alleges that Defendant's decision to terminate him was "arbitrary and capricious and further was excessive and harsh considering the plaintiff's employment record during the time he was employed by the [D]efendant."

On March 28, 2014, Plaintiff filed a Complaint against Defendant in Macon County Superior Court alleging a single cause of action for wrongful termination under North Carolina law.

On June 17, 2014, Defendant removed the state action to the United States District Court for the Western District of North Carolina. Two days later, Defendant filed its Motion to Dismiss asserting that Plaintiff's claim fails because he was an "at will" employee.

In his opposition brief, Plaintiff "does not contend that any public policy violation has occurred." Document #12 at 4. Rather, he argues that his "Complaint focuses upon the contract created by Defendant's policies and procedures promulgated in Plaintiff's employment package and Defendant's violations of those policies and procedures." Id. at 5.

On September 26, 2014, District Judge Martin Reidinger denied Plaintiff's Motion to Remand. See "Order" (document #17).

Defendant's Motion to Dismiss has been fully briefed and is ripe for disposition.

## II. DISCUSSION OF CLAIMS

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at

3

679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Under North Carolina law, "[t]here is a strong presumption…that employment is at-will." Gibbons v. Chas. H. Sells, Inc., No. 5:09-cv-448, 2010 U.S. Dist. LEXIS 120360, at *12 (E.D.N.C. Oct. 21, 2010). "[I]n the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party." Kurtzman v. Applied Analytical Indus., Inc., 493 S.E.2d 420, 422 (N.C. 1997).

"'As a general rule, an employee-at-will has no claim for relief for wrongful discharge … [because] [e]ither party to an employment-at-will contract can terminate the contract at will for no reason at all, or for an arbitrary or irrational reason.'" Combs v. City Elec. Supply Co., 690 S.E.2d 719, 723 (N.C. App. 2010) (quoting Tompkins v. Allen, 421 S.E.2d 176, 178 (N.C. App. 1992) (citations omitted)). There is a very narrow "public policy" exception to this general rule. See Gibbons, 2010 U.S. Dist. LEXIS 120360, at **12-14. The limited circumstances in which it is applied include "where the employee was discharged (1) for refusing to violate the law at the employer's request, (2) for engaging in a legally protected activity, or (3) based on some activity by the employer contrary to law or public policy." Combs, 690 S.E. 2d at 723 (quoting

4

Ridenhour v. IBM Corp., 512 S.E.2d 774, 778 (1999)). Plaintiff "does not contend that any public policy violation has occurred" here. Document #12 at 4.

Failure to follow company procedures in terminating an employee is not a basis for a wrongful termination claim. See Branch v. Guida, No. 3:09-cv-417, 2011 U.S. Dist. LEXIS 49912 ("North Carolina law provides that an at-will employee cannot bring a wrongful termination claim based on an employer failing to follow personnel policies because such an employee is terminable at the will of the employer"); Brown v. Old Vineyard Behavioral Health Servs., No. 1:11-cv-01015, 2013 U.S. Dist. LEXIS 185137 (M.D.N.C. June 20, 2013) (granting motion to dismiss wrongful termination claim, and finding that plaintiff's "complaint rests on [defendant's] alleged failure to follow company procedures and protocols leading up to her termination," which does not support a viable claim for relief).

"Under North Carolina law, an employee handbook or policy manual does not create a contractual agreement between employer and employee." Norman II v. Tradewinds Airlines, Inc., 286 F. Supp. 2d 575, 585 (M.D.N.C. 2003) (citing Walker v. Westinghouse Electric Corp., 335 S.E. 2d 79, 83-84 (N.C. App. 1985)). "[A]n agreement embodied only in the Handbook and memoranda is insufficient to establish a binding employment contract." Id.; see also Farris v. Tubular Textile, LLC, No. 1:01cv984, 2002 U.S. Dist. LEXIS 10444, at **5-6 (M.D.N.C. 2002) (applying North Carolina law and finding that plaintiff cannot rely on employee handbook alone to state a claim for breach of contract.) "Only if the terms of the handbook are expressly incorporated into a separately existing employment contract will the terms of the handbook become legally binding." Id. Plaintiff does not allege that these policies and procedures were incorporated into a separately existing employment contract.

To the contrary, Defendant's handbooks contain the following disclaimers:

Note The content of a manual does not constitute nor should it be construed as a promise of employment or as a contract between Caterpillar and any of its employees.

Caterpillar at its option, may change delete, suspend, or discontinue parts of the policy in its entirety, at any time without prior notice.

(Exhibits A & C to "Declaration of Kary Kinsman" (document #14-1).

Upon receipt of the handbook, Plaintiff signed an acknowledgement stating, "I know that Caterpillar Precision Seals policies and other related documents do not form a contract of employment." (Kinsman Decl., Ex. A.)    See Floyd v. Mgmt. Analysis & Utilization, Inc., No. 7:13-01971, 2014 U.S. Dist. LEXIS 31837, at \*\*15-18 (D.S.C. Mar. 12, 2014) (granting motion to dismiss breach of contract claim based upon employee handbook containing express disclaimer language); Davis v. Balt. Hebrew Congregation, 985 F. Supp. 2d 701, 717 (D. Md. 2013) (since plaintiff was an "'at will' employee and BHC expressly disclaimed any contractual intent in the terms of the Employee Handbook, there is no contract between the parties. Thus, the Defendant is entitled to judgment as a matter of law on the breach of contract claim…"); Brewer v. Jefferson-Pilot Std. Life Ins. Co., 333 F. Supp. 2d 433, 439 (M.D.N.C. 2004) (plaintiff was an at-will employee and "cannot maintain a breach of contract action against her employers for violating the terms of the company discipline program."); Farris, 2002 U.S. Dist. LEXIS 10444, at \*\*5-6 ("It is well established that an employee handbook or policy manual does not create a contractual agreement between employer and employee.")

For these reasons, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

## III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" (document #3) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel, <u>and to the Honorable Martin Reidinger.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: September 30, 2014

David S. Cayer
United States Magistrate Judge