# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:14-CV-26-MR-DSC

| | |
|---|---|
| JERRY CURTIS GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| CATERPILLAR INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Reconsider. [Doc. 19]. For the reasons stated herein, the Plaintiff's Motion will be denied.

## PROCEDURAL BACKGROUND

Plaintiff Jerry Curtis Green, a resident of North Carolina, initiated this action in the Macon County, North Carolina, General Court of Justice, Superior Court Division, against Defendant Caterpillar Inc., on March 28, 2014. [Doc. 1-1]. In his Complaint, Plaintiff alleges he was wrongfully discharged from the Defendant's employ. [Id. at 7-10]. The Defendant removed the action to this Court on June 17, 2014. [Doc. 1]. Plaintiff filed a Motion [Doc. 6] to remand this matter to state court on July 7, 2014, to

which Defendant responded, in part, with a Motion to Amend and/or Supplement Its Notice of Removal. [Doc. 10]. The parties thereafter responded to each other's respective motions. In a written Order filed September 26, 2014 [Doc. 17], the Court denied the Plaintiff's Motion to Remand [Doc. 6] and granted the Defendant's Motion to Amend and/or Supplement its Removal Notice. [Doc. 10]. Plaintiff filed a reconsideration motion regarding the Court's September 26, 2014, Order on October 14, 2014. [Doc. 19].

## DISCUSSION

In denying the Plaintiff's motion to remand this matter to the courts of North Carolina, the Court squarely addressed the Plaintiff's two arguments concerning the allegedly deficient nature of the Defendant's removal notice. The Court first addressed, and resolved against the Plaintiff, his contention that complete diversity was absent. [Doc. 17 at 3-5]. Second, the Court determined that the amount in controversy exceeded the statutory minimum of $75,000. [Doc. 17 at 5-7]. The Plaintiff, in his present motion, asks the Court to reconsider this second aspect of its September 26, 2014, Order. Plaintiff contends that his potential future lost wages claim of between $700,000 and $900,000 "was never represented to be a demand or even a suggestion of the actual calculable damages." [Doc. 19 at 2].

Further, Plaintiff asserts that he stipulated "to cap his damages at an amount, however small, less than $75,000.00, which was meant to establish the maximum that the Plaintiff could receive." [Id.]. Plaintiff, however, has presented nothing in addition to, or different from, what was contained in his original motion seeking the remand of this matter.

While the Plaintiff asserts that his potential future lost wages figures were "rough calculations" and not meant as a "demand," that is beside the point. These calculations were presented to express what amounts may be in controversy in this action. The Court can consider such in analyzing whether the jurisdictional limit has been met, regardless of whether such constituted a formal demand. Further, as explained in the Court's prior Order, while the Plaintiff's affidavit may have been intended as a "cap," it merely states that he "stipulate[s] that the matter in controversy in this matter does not exceed the sum or value of $75,000.00, exclusive of interest and costs." This unilateral assertion, however, does not serve to waive any right the Plaintiff may have to recover a judgment over the jurisdictional threshold. See, e.g., Dash v. Firstplus Home Loan Trust, 248 F.Supp2d 489, 497-498 n.6 (M.D.N.C. 2003). A plaintiff's claim for relief is not always determinative of the amount in controversy because many state procedural rules do not limit damage awards to a plaintiff's original prayer

for relief.[1] McCoy v. Erie Ins. Co., 147 F.Supp.2d 481, 485 (S.D. W.Va. 2001). Therefore, a mere assertion that the Plaintiff currently claims less than $75,000 does not serve to defeat federal jurisdiction. Id. As explained in the Court's prior Order, the Plaintiff did not comply with McCoy's stipulation requirements. Therefore, the Plaintiff's repetition of this argument in his reconsideration motion, aimed at persuading the Court that he has destroyed federal jurisdiction with his affidavit, is unavailing.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Reconsideration [Doc. 19] is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: October 15, 2014

Martin Reidinger
United States District Judge

---

[1] North Carolina's Rule 54(c) is an example of such a provision.