# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:14-CV-26-MR-DSC

| | |
|---|---|
| **JERRY CURTIS GREEN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF DECISION** |
| ) | **AND ORDER** |
| **CATERPILLAR INC.,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 3]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of that motion [Doc. 18]; and the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation. [Doc. 21].

## PROCEDURAL BACKGROUND

Plaintiff Jerry Curtis Green, a resident of North Carolina, initiated this action in the Macon County, North Carolina, Superior Court, against Defendant Caterpillar Inc., on March 28, 2014. [Doc. 1-1]. In his Complaint, Plaintiff alleges he was unlawfully terminated from the Defendant's employ. [Id. at 7-10]. The Defendant removed the action to this Court on June 17,

2014. [Doc. 1]. On June 19, 2014, pursuant to Fed.R.Civ.P. 12(b)(6), Defendant filed a motion to dismiss the Plaintiff's action. [Doc. 3]. Plaintiff responded to the Defendant's dismissal motion with a written opposition filed July 24, 2014. [Doc. 12].

Pursuant to 28 U.S.C. § 636(b), the Honorable David S. Cayer, United States Magistrate Judge, was designated to consider Defendant's motion to dismiss and to submit to this Court a recommendation for the disposition of that motion. On September 30, 2014, the Magistrate Judge filed a Memorandum and Recommendation (M&R). [Doc. 18]. The M&R recommended granting the Defendant's motion and dismissing the Plaintiff's action for failure to state a claim upon which relief can be granted. [Id. at 7]. The parties were advised that any objections to the Magistrate Judge's M&R were to be filed in writing within fourteen days of service. [Id. at 7-8]. Plaintiff timely filed his objections to the Magistrate Judge's M&R on October 17, 2014. [Doc. 21]. This matter is now ripe for the Court's consideration.

## STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

To survive a Rule 12(b)(6) motion, a party's allegations, treated as true, are required to contain "enough facts to state a claim to relief that is *plausible on its face*." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). On the one hand, the claim need not contain overly "detailed factual allegations[.]" Id. at 555. On the other hand, however, "a formulaic recitation of the elements of a cause of action will not do[,]" nor will mere labels and legal conclusions suffice. Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Twombly, 550 U.S. at 570. The touchstone, therefore, is plausibility and not possibility.

In reviewing a complaint through the prism of Rule 12(b)(6), the Court must accept the truthfulness of all factual allegations but must separate and reject "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). As the Fourth Circuit has noted, Twombly and Iqbal "require that complaints in civil actions be alleged with greater specificity than previously was required." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012). Taking the well-pled allegations[1] of the Plaintiff's Complaint as true, the following is a summary of the relevant facts.

## FACTUAL BACKGROUND

The Defendant's plant in Franklin, North Carolina, is primarily engaged in the process of manufacturing oil seals used in heavy equipment and thereafter washing, rinsing and drying those seals. [Doc. 1-1 at 7]. The Plaintiff had been employed with the Defendant for over twenty-one years.

---

[1] In setting forth the relevant factual allegations, the Court has disregarded all "bare legal conclusions" asserted in the Complaint, Aziz, 658 F.3d at 391, as well as "[t]he mere recital of elements of a cause of action[.]" Walters, 684 F.3d at 439.

4

Immediately before his termination, Plaintiff served in the capacity of an EHS Senior Associate.[2] His position as EHS Senior Associate included the authority to "Lock Out Tag Out" manufacturing equipment. [Id.].

Lock Out Tag Out is the process that shuts down a seal-washing machine before an employee can enter or expose himself to the interior of such machine. [Id. at 8]. There are exceptions to the Lock Out Tag Out process at Defendant's plant, one of which is draining a machine. [Id.]. During his employment with the Defendant, the Plaintiff requested an employee to drain a washing machine without the implementation of any Lock Out Tag Out process. [Id.]. Sometime thereafter, a complaint was registered against the Plaintiff for having purportedly violated his Lock Out Tag Out authority. [Id.].

Following receipt of the complaint against the Plaintiff, the Defendant's Human Resources personnel began an investigation of him. [Id.]. The Defendant concluded that Plaintiff violated his Lock Out Tag Out responsibility when he requested the employee to drain the machine. As a result, the Defendant terminated the Plaintiff's employment November 19, 2013. [Id.].

---

[2] The Complaint states that Plaintiff's last position with Defendant was that of an "EHS Senior Associate." [Doc. 1-1 at 7, ¶4]. Nowhere does the Complaint define the acronym "EHS" or explain the significance, if any, of that term.

The Plaintiff's Complaint alleges Defendant's termination of him was unlawful. Critical to this discussion are the following allegations taken from paragraph 8 of the Plaintiff's Complaint:

> As a part of the *plaintiff's employment package with the defendant* the plaintiff was assured that a specified procedure would be followed before any action was taken against the plaintiff for having purportedly violated any plant rules and more specifically the plaintiffs [sic] authority with regard to the Lock Out Tag Out procedures.

[Id. at 8 (emphasis added)]. Following paragraph 8, the Complaint alleges that the Defendant's Human Resources personnel failed to utilize the assistance of an EHS Specialist until after the investigation was completed, and conducted the investigation by phone, never coming onto the site of the plant. [Id. at 8-9]. Because of these omissions, according to the Complaint, the Defendant "failed to adhere to and follow standards for the dismissal policy that the defendant had put in place for the benefit of its employees." [Id. at 9]. Based thereon, Plaintiff alleges that he "has been wrongfully discharged from his employment[.]" [Id.].

In his M&R, the Magistrate Judge concluded that Plaintiff was an "at-will" employee of the Defendant under North Carolina law. [Doc. 18 at 4]. With regard to Plaintiff's alleged wrongful discharge claim under North Carolina law, the Magistrate Judge determined that the Complaint contained no allegations of any facts that would give rise to any exception

6

Case 2:14-cv-00026-MR-DSC   Document 23   Filed 02/23/15   Page 6 of 14

to the general rule that either party to an employment-at-will arrangement can terminate the employment relationship for no reason at all, or for an arbitrary or irrational reason. [Id. at 4-5]. With regard to Plaintiff's alleged breach of implied contract claim under North Carolina law, the Magistrate Judge determined that the Complaint contained no allegations that would bring this claim within any exception to the general rule that an employee handbook or policy manual does not create a contractual agreement between employer and employee. [Id. at 5-6]. For these reasons, the Magistrate Judge recommended that Defendant's Motion to Dismiss be granted. [Id. at 6].

## DISCUSSION

Plaintiff filed factual and legal objections to the M&R. [Doc. 21]. With regard to Plaintiff's factual objections, he requests the Court make six "Additional Findings of Facts." [Doc. 21 at 1-2]. This is puzzling because the matter is before the Court on the Defendant's Rule 12(b)(6) motion. The Court has assumed the truth of the Plaintiff's well-pleaded facts in accordance with the Iqbal/Twombly pleading standards. The Court's factual recitation above includes Plaintiff's first four requested "Additional Findings of Fact." As such, the Plaintiff's objection to the omission of these allegations from the M&R is moot. The Plaintiff's remaining two "Additional

7

Findings" are not factual matters at all but conclusions he urges upon the Court. Given that the Court's present task is to determine whether Plaintiff's Complaint states a claim for relief, Plaintiff's "Additional Findings" numbered 5 and 6 are rejected.

As to Plaintiff's legal objections, he asserts first that the Magistrate Judge erred in failing to conclude as a matter of law that his Complaint stated two claims against the Defendant, one for wrongful termination and one for breach of implied contract. [Id. at 2]. Second, he asserts the Magistrate Judge erred in considering materials that were not explicitly referenced in nor attached to the Complaint thus converting Defendant's dismissal motion into one for summary judgment. [Id.]. The Court will address these contentions in reverse order.

The Plaintiff objects to the Magistrate Judge's consideration of certain documents that were "outside of the Complaint." [Id.]. The materials considered by the Magistrate Judge were the declaration of Kary Kinsman [Doc. 14-1 at 1-2], excerpts from the Defendant's employee personnel manuals [Id. at 4-21; 24-50], and Plaintiff's acknowledgement that the Defendant's employee manuals created no employment contract between him and the Defendant. [Id. at 23]. A court may properly consider "written

8

instruments"[3] beyond a plaintiff's complaint at the Rule 12(b)(6) stage without converting the proceeding into one for summary judgment if the plaintiff's claims are predicated upon such documents and there is no dispute as to their authenticity or contents. Occupy Columbia v. Haley, 738 F.3d 107, 116-17 (4th Cir. 2013). The Court, however, in conducting its de novo review of this matter, will not look beyond the allegations of the Complaint to resolve the Defendant's dismissal motion. Therefore, to the extent that the Magistrate Judge considered documents beyond the scope of Rule 12(b)(6) – an issue this Court need not reach – the Plaintiff's contention in this regard is moot. Turning to the Plaintiff's objection to the Magistrate Judge's recommendation to dismiss the two claims in Plaintiff's Complaint, the Court will address these claims separately.

### A. The Wrongful Discharge Claim.

The Complaint alleges that "plaintiff has been wrongfully discharged from his employment[.]" [Doc. 1-1 at 9]. It is a well-established principle that North Carolina is an employment-at-will state. Garner v. Rentenbach Constructors Inc., 350 N.C. 567, 569, 515 S.E.2d 438, 439 (1999). As such, the employer/employee relationship is presumed to be terminable at

---

[3] Federal Rule of Civil Procedure 10(c) states, "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."

9

the will of either party. North Carolina, however, recognizes three limited exceptions to the "at-will" doctrine.

> First, ... parties can remove the at-will presumption by specifying a definite period of employment contractually. Second, federal and state statutes have created exceptions prohibiting employers from discharging employees based on impermissible considerations such as the employee's age, race, sex, religion, national origin, or disability, or in retaliation for filing certain claims against the employer. Finally, this Court has recognized a public-policy exception to the employment-at-will rule.

Id., 515 S.E.2d at 440.

The Plaintiff makes specific allegations of fact upon which he bases his wrongful discharge claim. He asserts that the Defendant's Human Resources personnel failed to utilize the assistance of an EHS Specialist during the Defendant's internal investigation of Plaintiff, and the Human Resources personnel failed to conduct the investigation of Plaintiff on site at the Defendant's plant in North Carolina. [Doc. 1-1 at 8-9]. Accepting these underlying factual allegations as true, neither of these assertions brings Plaintiff's claim within any of the three exceptions to North Carolina's "at-will" employment doctrine. Plaintiff recognizes as much. "Plaintiff does not contend that any public policy violation has occurred. Instead, Plaintiff's Complaint focuses upon the contract created by Defendant's policies and procedures promulgated in Plaintiff's employment package and

Defendant's violations of those policies and procedures." [Doc. 12 at 4-5]. Plaintiff, therefore, has conceded that he does not state a claim for wrongful discharge but rather seeks to proceed on a theory of breach of implied contract. In short, Plaintiff alleges no facts that could support a conclusion that any of the exceptions to North Carolina's employment at-will doctrine would apply. For these reasons, the Magistrate Judge's recommendation to grant the Defendant's dismissal motion as to Plaintiff's wrongful discharge claim should be accepted.

### B. The Breach of the Implied Contract of Employment Claim.

The Plaintiff alleges in his Complaint that, "[a]s a part of the plaintiff's employment package with the defendant[,] the plaintiff was assured that a specified procedure would be followed" before any adverse action would be taken against him. [Doc. 1-1 at 8]. Plaintiff argues that these "allegations state a plausible claim for relief that rises above the speculative level [because they establish:] (1) his employment package with Defendant expressly promised Plaintiff that a specified procedure would be followed before any disciplinary action would be taken against him; and (2) the Defendant dismissed Plaintiff without following that promised procedure." [Doc. 12 at 7]. Nowhere in the Complaint, however, does Plaintiff allege what component parts comprised his "employment package," what

11

"promises" the Defendant made to him, or what "specified procedures" the Defendant agreed to undertake. These allegations amount to nothing more than insufficient "threadbare recitals of a cause of action's elements supported by mere conclusory statements." Tobey v. Jones, 706 F.3d 379, 387 (4th Cir. 2013) (citations and quotations omitted).

Despite the Complaint's factual vacuum, Plaintiff argues that two North Carolina cases support his position, citing Trought v. Richardson, 78 N.C.App. 758, 338 S.E.2d 617, disc. rev. denied, 316 N.C. 557, 344 S.E.2d 18 (1986), and Harris v. Duke Power Co., 319 N.C. 627, 356 S.E.2d 357 (1987). [Doc 12 at 5-6]. Plaintiff's reliance on these two cases is misplaced. Both Trought and Harris stand for the proposition that *if* an employer's personnel policies, either distributed in a manual or explained to an employee, form the basis for an employment contract, *and* such policies provide that an employee may be dismissed only for "just cause," an action against the employer for dismissal without just cause will lie. Trought, 78 N.C.App. at 762, 338 S.E.2d at 620-21; Harris, 319 N.C. at 630, 356 S.E.2d at 360. The Plaintiff, in his Complaint, however, does not even assert that all of these elements of a claim under Trought and Harris are present.[4]

---

[4] Plaintiff concedes that the Defendant's personnel manuals do not form a contract of employment. As such, Plaintiff has acknowledged that his claims for relief are not predicated upon any of these documents. Occupy Columbia, 738 F.3d at 116-17. Given

The Complaint contains no allegations that the Defendant's purported policies, whatever they may be, included any provision limiting the Defendant's authority to terminate Plaintiff to "just cause." Neither does the Plaintiff allege what Defendant's policies required it to do as part of any such mandated procedure. In short, the Complaint asserts that the Defendant broke certain rules without explaining what those rules are or how those rules came into existence between the parties. That leaves Plaintiff relying on the bare legal conclusion that some "implied contract" has been breached. Plaintiff's Complaint is devoid of the necessary factual content to plausibly state a claim for breach of an implied employment contract. The Magistrate Judge's recommendation to grant the Defendant's dismissal motion in this regard should be accepted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. 18] is **ACCEPTED**; the Plaintiff's Objections thereto [Doc. 21] are **ACCEPTED IN PART AND**

---

that no facts are otherwise alleged in the Complaint plausibly explaining the contours of the Defendant's purported policies, Plaintiff's contention that the Defendant breached such policies is left without any factual underpinning. This is complicated further by Plaintiff's objection to the Defendant's submission of its personnel manuals. Since Plaintiff disputes that these manuals form the basis for the alleged policies, and Plaintiff fails to allege what the pertinent policies are, the Court is left to speculate whether there is any factual or legal underpinning for Plaintiff's claim. As such, Plaintiff does not state a plausible claim.

**REJECTED IN PART** as explained herein; and Defendant's Motion to Dismiss the Complaint [Doc. 3] is **GRANTED** and this action is **DISMISSED**.

IT IS SO ORDERED.

Signed: February 23, 2015

Martin Reidinger
United States District Judge